Good morning. Kurt Alman on behalf of Petitioner, Mr. Szabo. At this time, I'd like to reserve two minutes for rebuttal, if I may. Members of the panel, this morning I arrived to make this argument. Just now, I had an extraordinarily difficult time traveling from Phoenix to get here. And as I thought about it and rushed to get here, I found that it was fitting, really, because my extraordinary difficulties parallels those of Mr. Szabo and his extraordinary journey over the last eight and a half to nine years since the denial of his habeas late, I'm sorry, the denial of his post-conviction relief in state court in late 2005. Is it correct we have nothing to deal with except timing? We do not address the merits? That is correct, Your Honor. This is procedural on timing, exactly. And based on the district court's dismissal below the issue, clearly, is a simple one. It's equitable tolling. Should Mr. Szabo have the opportunity to present his merits on habeas, on a habeas petition to the district court? Well, could you tell me, once his lawyer, once he knew that his lawyer wasn't doing a thing, I think that was the Arizona Federal Defender's Office, his lawyer there had quit. The office wasn't responding to his mail. They were doing nothing. They didn't get the transcript prepared, even though the judge had authorized payment for it. It's very hard to follow, but it looked to me like maybe he had a full year from that time and did not file anything within the year. But as I say, it's hard to follow. So educate me for why that isn't so. Certainly. Initially, it was the Pinal County Public Defender's Office. It was a state court proceeding, which he pled guilty to. And he was going through his Rule 32 as of right, because it was from a plea of guilty. So it was a post-conviction review as of right. After December of 2005 and into 2006, when the trial court judge, the Arizona State trial court judge issued the order to supply the audio tapes that were to be transcribed and gave Mr. Szabo's attorney 30 days after the transcription was filed to file his petition for review to the Arizona Court of Appeals. That happened, that order came out in January of 2006. Mr. Szabo had continuous contact, although sparingly, but continually tried to contact his lawyer from the Public Defender's Office, the last contact being sometime that summer, 2006. The transcript has never been prepared, is that correct? It has never been prepared, Your Honor, that's correct. There was some time when it became clear to him that the Pinal County PD's office, that his assistant PD was gone, and the Pinal County PD's office was doing nothing. Did he have a year that came and went between that time and when he filed? Well, it depends on what you're asking. He filed in the summer, July of 2006. He had contact with his Pinal County public defender who indicated at that time that the transcript, it was very difficult to transcribe, it had not been completed yet, and they were working on it. That was Mr. Szabo's last contact with his public defender. Fast forward to March, approximately March of 2007, after numerous attempts for him to contact his public defender were unanswered. Both he and his mother, who was obviously out of custody, received notice, his mother actually, I believe, went to the public defender's office, received notice that his public defender, Mr. Huggins, had left the office at that time. They were able to contact Mr. Huggins who indicated, yes, I left the office, your case is still with the office, and it will be assigned another attorney. The whole time indicating to Mr. Szabo that his petition for review was dependent on that transcript. That transcript had to be in hand before it could be filed. There's no question in my mind, counsel, that he was diligent in attempting to move his state post-conviction proceedings forward, but what about moving to protect his federal habeas proceedings? Did he do anything with regard to federal habeas? Because my problem is you have a hard time with case law requiring due diligence with regard to both state as well as federal proceedings. Judge, my response to that would be that's what equitable tolling and equity is about. This is an equity case. Mr. Szabo did everything within his power and within his knowledge, yes, primarily pursuing his state post-conviction proceedings, but he also understood through his previous counsel who had left, and then eventually in October of 2008, his new counsel that was appointed by the state, that the habeas petition in federal court could not be filed. Until the petition for review to the court of appeals had been completed. That's the timeline. So it's not unusual to file a protective federal habeas petition, and that wasn't done in this case. It may have been counsel's error to do that, but isn't that attributed to the client under the case law? The case law attributes that to the client in part, Your Honor, but it also, you have to look at the totality, the circumstances of the client and the advice that in this particular case that the client was getting and his reliance on the lawyers and the courts. Let's just give your client the benefit of the doubt and say that he had equitable tolling up until the October 28, 2008 order. At that point, he has counsel, and he's told basically by, I can't remember, is that the state court of appeal or maybe it's the state trial court? The state court of appeals, I believe. Basically, that original petition that you filed, we're going to deem it out of time, and you're going to have to file a successive petition to get any relief, right? Correct. So it seems to me at that point, just as Judge Wynn alluded to, it was really incumbent upon his lawyer right at that moment to say, oh, no, if this thing is ultimately ruled out of time, the clock has already run on my client's federal habeas petition. I better at the very least file today or tomorrow a protective petition, and I think it might have been ineffective assistance of counsel not to do that, but if that's true, I think Judge Wynn is right that that error gets attributed to your client. So why would he possibly be entitled to any equitable tolling past the October 28, 2008 date? Your Honor, to answer that question, after October 28th of 2008 where he did eventually file with appointed counsel a successive petition for post-conviction relief, he was being advised, and it does sound like it was the improper advice from his lawyer, but he was being advised that the PCR, which was raising the original issues and some ineffective assistance of counsel, his previous counsel issues, needed to be completed in order to get any relief. In that order, the state trial court, if I said appellate court before, I apologize, the state trial court also indicated and gave a deadline once 2009 came and they denied that successive post-conviction relief to file a petition for review to the Arizona Court of Appeals, which the timeline was met, they filed the petition by that time, and it was the Arizona Court of Appeals that said the entire process was untimely. So out of equity and out of fairness, again, Mr. Szabo did everything he possibly could knowing that the state court remedies had to be exhausted prior to moving into federal court. But that's just not accurate as a legal matter. He could have filed a protective petition. It's certainly true that it would not have been able to go forward because his claims weren't exhausted, but he could have filed to try to preserve any semblance of timeliness. Again, Judge, he's an unsophisticated defendant in this case. I'm talking about his lawyer. He has a lawyer as of October 28, 2008. He has a lawyer as of October 28, 2008. And according to the district court, Judge, that may not have helped him anyway because that petition, post-conviction relief was filed almost a year later within the normal time limits of October 2009. But according to the district court's order, who found equitable tolling up to July of 2008, by July of 2009, his time would have run anyway. Would you like to save the remainder of your time? I would. That went quickly. Thank you. Good morning, Your Honors. My name is Scott Simon. I'm here on behalf of the Respondent's State of Arizona. And I'm hoping to provide a little bit of clarity today with what is some confusing dates and issues. And I'd like to start first with Judge Watson's point. And I think it's an important point to point out that ‑‑ Judge Watford? Watford. I apologize. I apologize. Happens all the time. I wrote it down. But it's important to note that the petitioner found out as early as ‑‑ and I believe the district court was actually wrong on its date. He found out as early as July 2007 that he was not represented. And that's ER 46, which reflects that he filed a motion to appoint counsel on July 7, 2007. So at that point, the defendant was on notice that he was not represented. And he actually took no further action in federal habeas court until 2010, in which he files his federal habeas petition. And I think an important point to make is, although he was subsequently appointed state post‑conviction counsel, his counsel had no duty whatsoever to represent him in federal habeas. His duty was to represent him in federal ‑‑ or state PCR court. So why ‑‑ you know, that seems like a point that cuts against you. Because, I mean, if in October ‑‑ if on October 28, 2008, he now has a lawyer and his lawyer is advising him, hey, unfortunately we can't do anything in federal court until we complete this process. Why ‑‑ seems kind of unfair to now say to him, oh, well, you shouldn't have followed your lawyer's advice. He could, but he could ‑‑ he could take, and I think Pace is directly on point with that issue, which is if there's any confusion regarding the state PCR process and whether or not your ability to exhaust your federal claims, your course of action is then to seek relief in the form of a protective habeas petition in the federal court. There's really no authority supporting the proposition that a habeas petitioner is entitled to equitable tolling based upon an external circumstance that caused him to essentially procedurally default a federal constitutional claim. That's essentially what happened here. Can you tell me what we've been calling a protective federal habeas? That would actually be a federal habeas that cannot be brought because there has not yet been state exhaustion, wouldn't it? So what the federal district judge would do then is hopefully from the point of view of Zabo, stay it in the bay. Stay it and hold it in abeyance while state proceedings were exhausted, but he would also have discretion to deny it. Is that correct? That's correct. The district court judge would ‑‑ What is the best case for saying either that Zabo does or does not have to file a federal habeas when his representation in state court just isn't getting a state PCR exhausted? If I understand the question, essentially at the point ‑‑ You need to say he has to file a federal protective habeas, and I want to know what the authority is. The authority on that would be Holland is directly on point, which essentially says to be entitled to equitable tolling, you have to meet two standards. One, there has to be an extraordinary circumstance that prevents you from seeking federal habeas relief, and two, you have to exercise reasonable diligence. And I think the petitioner here fails on both grounds, particularly in regards to your question. The petitioner ‑‑ Let's assume without deciding that he's got egregious neglect by his lawyer. It rises to the level of egregiousness and not mere negligence. What about that second branch? As far as diligence, the petitioner here, and I think the district court's order reflected this, although he was ‑‑ I would concede that he was diligent in pursuing a state post‑conviction relief, he showed absolutely no interest in seeking relief from the federal habeas court. That's where my confusion is, and that's why I asked you the first question. If he's diligent pursuing his state relief, he's not diligent pursuing his federal relief at the time, but he's not entitled to federal relief at the time because he hasn't exhausted state proceedings. And I think that is what Holland says, and I think that's what Pace says, particularly Pace, which is even if you are seeking to exhaust your state claims or your federal claims in state court, if there's any confusion whatsoever regarding the timeliness of that, your state claims, the appropriate remedy then is to seek a protective habeas in federal court. And I think it's important to note that there's no right to only present exhausted claims to the federal court. You can present exhausted and unexhausted claims to the federal court. It has the discretion to consider those. And in a hypothetical situation, if you present an exhausted claim that's procedurally defaulted, you still have remedies available to pursue federal relief on those claims via establishing cause of prejudice, Martinez v. Ryan, actual innocence. Those types of avenues would provide an opportunity to present those types of claims to the federal court. What are you looking at specifically in Pace? If I could read the court, and this was a situation in Pace where 544 U.S. at 416, and the court in Pace said, a prisoner seeking state post-conviction relief might avoid this predicament, seeking state court relief, which ultimately is deemed untimely, by filing a protective. I had read that, but I didn't see where it said that he must. And I think, I apologize, I don't think it states that he must. I don't think it is a per se rule. Here's my problem. It looks to me like Pace doesn't go far enough. And there's something illogical to me about saying that when you're diligent in exhausting your state claim and no federal habeas lies until the state post-conviction relief proceedings are exhausted, then even though you might be able to reduce your risk, kind of like you can reduce your risk by buying fire insurance for your house, that doesn't mean that you must. I don't think that Pace stands for the proposition that you must, but for purposes of this case, where we're trying to determine whether or not the defendant exercised due diligence, it's important to note that there are two arenas here. One is diligence pursuing his state post-conviction relief proceedings, and he also must exercise diligence in the federal court. And here the logic of that is where I'm having a problem. I must reserve a hotel room in San Francisco because they fill up, but until I have a calendar assignment in San Francisco, I can't reserve a hotel room in San Francisco. So it's illogical to say I must be diligent about reserving a San Francisco hotel room when I don't have the dates when I can do it. And likewise, it seems analogous to me to say that it's illogical to say that I must file a habeas when I'm not, I can't properly pursue a federal habeas, even though there's a technique where I can file a paper that is immediately going to be stayed and my federal habeas won't go forward as an insurance policy. In response to that, it's incumbent upon the defendant to at least be aware, and particularly in the circumstances of this case, where the defendant was clearly... It's hard for us to understand. Yeah. My guess is it was hard for you to understand this. Yes. And it was hard for us, even though we had been doing this for a living for a while. Yeah. And... That's quite a burden. It is, but regarding the application of the statutes, proper defendants are held essentially to the same standard. He had a better case than Pace for saying that he must file a federal protective habeas, even though his state exhaustion is still going on and he's being diligent and it just isn't... I think Pace is really my best case on that point because it essentially says, which is the situation we have here, where you have a defendant who is clearly having difficulty in his state court proceedings and at least as early as 2007 is aware that he's unrepresented. There is a duty to be entitled to the extraordinary remedy that is equitable tolling. He has to demonstrate that he was pursuing both state rights diligently and his federal rights diligently. And I think Holland... It's a federal habeas law that you can't pursue two tracks at once. One track, they'll just hold the train. They won't let the train run on the tracks until the other train is done. Well, and I think the protective habeas is on point here because although the district court judge could stay and obey, it still reserves the defendant's ability to later come back and present his federal claims in federal court. What it does do is protect his ability to render that habeas petition timely. Could you talk about the Spitzen case? Spitzen is an interesting case as well. And I think it's important to note before my time runs out that both Holland... Actually, you're over your time. So you can go ahead and wrap it up. I think both Holland and Spitzen are distinguishable. And I think it's relative to your point where both the petitioners in those cases believe that their counsel was representing them in federal habeas, federal district court. Here, the defendant had no expectation that his attorney was representing or doing anything for him whatsoever in federal district court. So it really was incumbent. I mean, the petitioner here in all of his journey in the state courts never made any type of inquiry, unlike Holland, where Holland routinely was writing to his counsel requesting information regarding his federal habeas, whether or not it was going to be timely. Here, his exclusive focus was upon his state court remedies. And Holland and Spitzen both stand for the proposition that to be entitled to equitable tolling, you have to at least demonstrate reasonable diligence in federal court as well as state court. All right. Thank you very much, counsel. Thank you, Your Honor. Thank you. I see that I have a minute. So I will address one of the points that Judge Kleinfeld made about the illogic, the logic or illogic of not allowing Mr. Szabo to pursue his federal habeas at this point. He would have no way, based on the facts of knowing that his state post-conviction relief petition and successive were not properly filed as defined under 2244 until April 29th of 2010, when the appellate court in the state of Arizona denied his petition for review as timely. I would turn the court's attention to ER71, which is a May 7th, 2010 letter from Mr. Szabo's lawyer who was appointed and represented him in that successive PCR. In that letter, she indicates to him that now that the Arizona Court of Appeals has denied your petition, you may proceed in federal court on a habeas petition. You have exhausted your state remedies. The attorneys representing Mr. Szabo, the conflicting court orders as we discussed in our brief, even the state bar and sanctioning the Pinal County Public Defender's Office for their conduct, all of these entities worked together and I guess synergistically to deny Mr. Szabo his ability to file this habeas because relying on them, taking them together, the totality of the circumstances, he would have no idea that he would have been required to file this protective order. It is not a requirement under the law and equity allows this court to reverse the district court's dismissal and send Mr. Szabo's petition back for review on the merits. The state cited Pace as being their best case. What is your best case? I think our best case, along with Holland, that describes the process is the Spitzin case, which I think on page 801 indicates basically a disfavor because Spitzin did not have his file, just like Mr. Szabo did not have his file. There's a whole long record of his attempts and even his lawyer's attempts to get the file. Spitzin indicates that without that file, there was no realistic expectation that Mr. Spitzin could file his habeas, a protective habeas on his own and that's very similar to the facts that we have here for Mr. Szabo. Can I ask one last question? Oh, certainly. What was the date of that letter you just read? It was May 7th, 2010, which is approximately a week after the Arizona Court of Appeals denied the petition for review based on time. Okay, but your client's habeas petition wasn't filed in federal court until December, right? December, that's correct. So what case do you have that suggests that that six-month interval shows diligence? Well, I would say it's diligent because the statute 2244 gives you a year after, sets a statute of limitations of a year after all your state court's remedies have been exhausted and, in this case, the denial of the petition for review. He had until, Mr. Szabo had until technically, if that were the date, April of 2008 to file his petition. So he was well within the year statute of limitations. Got it. Thank you. All right. Thank you very much. We're glad you made it here. Thank you. Have a safe trip home.
judges: Kleinfeld, Nguyen, Watford